UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. LeSHORE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 1:06-CV-258 RM |
| ) | |
| ALLEN COUNTY JAIL, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

James L. LeShore, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. LeShore alleges that, while a pre-trial detainee, he was denied medical treatment by the Allen County Jail. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent

harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Mr. LeShore alleges that when he arrived at the jail in late September, he saw a nurse and told her that he thought he might have a sexually transmitted disease. He alleges that the nurse told him that she would place him on a list to be tested. Mr. LeShore sent in two more requests in December, but he states that medical did not understand what he was

requesting. Finally, in January after sending in yet another request, Mr. LeShore received his test and it confirmed that he had a sexually transmitted disease. He alleges that for four months it burned when he urinated.

Testing for a sexually transmitted disease, while important, is not a medical emergency. At best, Mr. Leshore alleges that confusion and disorganization delayed his test. The first nurse agreed to have him tested, but for some unknown reason, he was not. Though he does not specify how severe or troubling his symptoms were, Mr. LeShore did not inquire about his test or follow up in regard to his medical problem for months after his first meeting with the nurse. When he did, his requests were unclear or not specific and the medical staff were uncertain what he was requesting. Ultimately he was able to communicate his medical need and he was tested. Much of this delay appears to have been caused by Mr. LeShore himself. As for the remainder, perhaps the defendant was unreasonable or negligent in its organization, perhaps it was incompetent or committing medical malpractice, but the facts alleged do not support an allegation of deliberate indifference.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. §1915A.

IT IS SO ORDERED.

ENTERED: July  31 , 2006

                                                   /s/ Robert L. Miller, Jr.
                                                  Chief Judge
                                                  United States District Court